Richard H. Edward, Esq. County Attorney, Franklin County
You have asked whether a member of the board of trustees of a community college may also serve as an adjunct professor teaching one course at the college.
Our understanding is that an adjunct professor is a duly appointed member of the faculty of a higher educational institution who receives compensation for teaching a specific course or two. He is not a regular member of the faculty in that he does not participate in faculty meetings and other institutional activities that are the prerogatives of the full-time faculty. In many cases, he is particularly well-qualified in a specialty; in some cases, he is available for evening courses, leaving the regular faculty to handle courses for the daytime student body.
You have characterized the situation as one where the same person is employer and employee. This is true, either directly or indirectly. If the administration of the college proposes faculty appointments and the board of trustees makes the appointments, the board is the employer directly. Even if the board delegates the appointing power to the administration under appropriate guidelines as to qualifications, compensation, teaching load, and the like, the board remains the "employer". We assume that the board has delegated the appointing power. If not, the appointment would be improper under the common law rule that a governing body may not appoint one of its members to another position (Wood v Town of Whitehall, 120 Misc. 124 [Sup Ct, Washington Co, 1923], affd 206 App. Div. 786 [3d Dept]).
The crucial question is whether the two positions are compatible either because one is subordinate to the other or because the functions of the two positions are inconsistent. (See our informal opinion Nos. 81-101 and 81-55, copies of which you have previously received.) The question is a close one. On the one hand, if it is assumed that there is a standard rate for an adjunct professor who teaches one course and well-defined standards of qualifications for the position and if the board member has a particular expertise needed by the college, a decision by the college administration to appoint him could be justified. On the other hand, an adjunct professor is a member of the faculty, a collegial body whose interests are not necessarily the same as those of the board of trustees. In matters of pay, working conditions, and educational policy, the position one takes as a board member and the views one holds as a faculty member are rarely the same. Moreover, the insulation afforded by a delegation of appointing power produces a three-tier situation in which the college administration is both reporting to one of its professional employees and responsible for the performance of one of its trustees. On balance, we conclude that the two positions are incompatible. Indirectly, one of the positions remains subordinate to the other even with the administrative insulation between the two. But more significant is the inherent incompatibility between the board's overall responsibility for the operation of the college and the interest of a faculty member in his and his colleague's welfare.
As we have noted in an earlier opinion (No. 81-101, supra), there is a close relationship between incompatibility of dual positions and conflict of interest. Apart from the legal proscriptions of certain conflicts of interest (General Municipal Law, Article 18), municipalities are required to adopt codes of ethics, which may be more restrictive than what the law proscribes (id., § 806). Some codes of ethics warn against a course of conduct that appears to the public to be a violation of public trust. (See, Public Officers Law, § 74 [3] [f] and [h], applicable to State officers and employees.) We think that the reasons for incompatibility discussed in this opinion would occur to the general public to be examples of a conflict of interest.
We conclude that one person may not simultaneously serve as a member of a board of trustees of a community college and as an adjunct professor at that college.